United States District Court
Southern District of Texas

**ENTERED**

May 26, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE C. P.,[1] | § | |
|  Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-221 |
| | § | |
| MIGUEL VERGARA, *et al.*, | § | |
|  Respondents. | § | |

## REPORT AND RECOMMENDATION
## TO GRANT PETITIONER'S HABEAS PETITION

Before the Court are Petitioner's "Petition for a Writ of Habeas Corpus" (Dkt. No. 1) ("Petition") and Respondents' "Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 8) ("MSJ"). Because Petitioner has established that there is not a significant likelihood of his removal in the reasonably foreseeable future, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), it is recommended that the Court (1) **GRANT** the Petition (Dkt. No. 1), (2) **DENY** the MSJ (Dkt. No. 8), (3) **ORDER** Respondent to release Petitioner subject to supervision and provide a status update verifying such release, and (4) **DIRECT** the Clerk of Court to close this case.

To gain relief under *Zadvydas*, a petitioner must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. For the reviewing habeas court, the point of this inquiry is to assess how long "detention" can remain "reasonably necessary to secure removal" and advance the "statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. If, as the petitioner aims to establish, "removal is not reasonably foreseeable," *id.*, detention is no longer "reasonably necessary" for removal; the detention,

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

1

having lost its "reasonable relation" to its statutory "purpose," *id.* at 690, is no longer authorized under § 1231, *id.* at 699; and the petitioner should be released, *see id.* at 700.

While announcing a particular standard for the petitioner's claim for release—*i.e.*, "no significant likelihood of removal in the reasonably foreseeable future"—*Zadyvdas* also offered guidance for applying that standard. *Id.* at 701. *Zadvydas* saw, in "indefinite detention," a "serious constitutional problem," *id.* at 690, and it effectively limited the chance that its standard would allow for such detention through two principles relevant to this report, *id.* at 701-02. First, the Court emphasized that the government's good faith efforts to remove a petitioner are not, in themselves, sufficient to establish a significant likelihood of removal. *See id.* at 702. To depend so heavily on such a fact would, in the Court's description, effectively concede to an altogether different standard—one that would "require an alien seeking release to show the absence of *any* prospect of removal…which demands more than our reading of the statute can bear." *Id.* Second, the "reasonably foreseeable future," the window in which petitioner must show removal is not significantly likely, is held to "shrink" the longer petitioner is detained. *Id.* at 701. Time, in this sense, continuously eases petitioner's burden, and "reasonably foreseeable" increasingly means something like imminent. *Id*. The *Zadvydas* inquiry, then, functionally turns more suspicious of detention as it goes on—even if the government is vigorously pursuing the detainee's removal, *see id.* at 702, and even as removal may remain technically plausible, *see id.* at 701.

Petitioner has met his burden, and Respondents have failed to meet theirs of rebuttal. As recognized by both parties, Petitioner has been detained since October 29, 2025. Dkt. No. 1 at 3; Dkt. No. 8 at 4. For nearly seven months, he has been detained pending removal under § 1231, *see* Dkt. No. 8 at 6, and Respondents have still not been able to remove Petitioner's previous grant of withholding of removal, see Dkt. No. 12. Given Respondents' failure to overcome this preliminary step towards success removal, his removal is not significantly likely in the reasonably foreseeable future and his detention is no longer reasonable.

The parties have fourteen (14) days from the date of being served with a copy of this

Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.,* 875 F.3d 243, 248 (5th Cir. 2017).

Signed on May 26, 2026.

Karen Betancourt
United States Magistrate Judge

3